UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMIKA GRANT,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 17-cv-12819
Hon. Matthew F. Leitman

_____/

# **OPINION AND ORDER (1) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS (ECF #16) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #15), (2) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #11), (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #14), AND (4) REMANDING FOR FURTHER PROCEEDINGS**

In this action, Plaintiff Tamika Grant challenges the denial of her applications for disability insurance benefits and supplemental security income benefits under the Social Security Act. Both Grant and Defendant Commissioner of Social Security filed motions for summary judgment (*see* ECF ## 11, 14), and the assigned Magistrate Judge issued a Report and Recommendation in which he recommended that the Court (1) grant the Commissioner's motion for summary judgment and (2) deny Grant's motion for summary judgment (the "R&R"). (*See* ECF #15.) Grant filed timely objections to the R&R (the "Objections"). (*See* ECF #16.)

1

The Court has carefully reviewed the R&R and appreciates the Magistrate Judge's careful and thorough consideration of the issues presented. However, as explained below, the Court respectfully disagrees with certain aspects of the Magistrate Judge's analysis and recommended disposition. Accordingly, as set forth below, the Court **SUSTAINS IN PART AND OVERRULES IN PART** the Objections, **GRANTS IN PART** Grant's motion for summary judgment, **DENIES** the Commissioner's motion for summary judgment, and **REMANDS** this action for further proceedings consistent with this Opinion and Order.

# I

## A[1]

On August 23, 2014, Grant filed an application for disability insurance benefits with the Social Security Administration (the "SSA"). (*See* Admin. R., ECF #8-5 at Pg. ID 183-184.) She filed an application for supplemental security income benefits on October 7, 2014 (collectively with Grant's disability insurance benefits application, the "Applications"). (*See id.* at Pg. ID 185-90.) In the Applications, Grant alleged that she became disabled on January 1, 2013, and January 1, 2014. (*See id.* at Pg. ID 183, 185.) Grant maintained that she suffered from patellofemoral arthritis, chondromalacia of patella, and degenerative joint disease. (*See* Admin R.,

---

[1] The Court recites only the facts relevant to the Objections.

2

ECF #11-6 at Pg. ID 234.) The SSA denied the Applications because it found that Grant was not disabled. (*See* Admin. R., ECF #11-4 at Pg. ID 119-126.)

Grant thereafter requested and received a *de novo* hearing before an administrative law judge. Administrative law judge Roy LaRoche, Jr. (the "ALJ") held that hearing on October 16, 2015. (*See* ALJ Hearing Tr., ECF #8-2 at Pg. ID 57-92.) Grant and an impartial vocational expert testified at the hearing. Grant testified that, among other things, she had not recovered from a partial knee replacement, that she suffered from "lower back pain that's really been bad," and that an orthopedic surgeon recommended that she "get a total knee replacement of [her] left knee." (*Id.* at Pg. ID 66-67.) Grant also told the ALJ that she could not walk without a cane and that she could not "carry any weight at all" due to the "discomfort [in her] back and [] legs." (*Id.* at Pg. ID 78-79.)

Grant also submitted records from her treating physicians to the ALJ, including records from her general physician, Nicholas Marsheh, M.D., her neurologist, Curt Wimmer, M.D., and her orthopedic surgeon, Freemont Scott, D.O. Relevant to the Objections, Drs. Maresh, Wimmer, and Scott each opined at various times that Grant was unable to work due to her knee and/or back issues:

- Dr. Scott opined on September 4, 2014, that Grant "should" qualify for disability benefits because "it would be quite a while" before Grant could "go through rehabilitation and return to more normal activities." (Admin R., ECF #8-7 at Pg. ID 223);

3

- Dr. Marsheh opined on December 2, 2015, that "[a]t this time, until further notice, [Grant] is unable to work due to Degenerative Disc Disease and Chronic Back Pain." (Admin R., ECF #8-13 at Pg. ID 857); and

- Dr. Wimmer opined on December 7, 2015, that "[i]t [was his] medical opinion that Ms. Grant cannot carry on any job at this time and will require ongoing pain management." (*Id.* at Pg. ID 585.)

On May 19, 2016, the ALJ issued a written decision in which he affirmed the SSA's denial of the Applications. (*See* Admin. R., ECF #8-2 at Pg. ID 43-51.) The ALJ first found that Grant suffered from the following severe impairments: "osteoarthritis of the bilateral knees status – post right knee arthroplasty and left knee arthroscopy, right foot hallux valgus[,] and degenerative disc disease of the lumbar spine." (*Id.* at Pg. ID 45.) The ALJ further determined that Grant could not perform her past relevant work as home health aide due to her physical limitations. (*See id.* at Pg. ID 50.) The ALJ nonetheless concluded that Grant was not disabled and that there were jobs that existed in significant numbers in the national economy that Grant could perform. (*See id.* at Pg. ID 50-51.)

In reaching this conclusion, the ALJ appeared to discount the opinions of Drs. Marsheh and Wimmer, and he provided "little weight" to the opinion of Dr. Scott. (Admin R., ECF #8-2 at Pg. ID 49.) As to Drs. Marsheh and Wimmer, the ALJ addressed their opinions in a single, combined sentence: "However, neither Dr.

4

Marsheh nor Dr. Wimmer, [sic] noted any functional limitations and the issue of disability is one that is reserved to the commissioner." (*Id.*) The ALJ did not indicate what weight, if any, he was assigning to these opinions. The ALJ then assigned "little weight" to Dr. Scott's opinion in one sentence of analysis: "Although [Dr. Scott's] opinion restricted [Grant] from work, it appears to refer to an inability to perform [Grant's] past work and expected to be for a restricted period. Therefore, the undersigned gave this opinion little weight." (*Id.*)

**B**

Grant filed this action challenging the SSA's denial of benefits on August 25, 2017. (*See* Compl., ECF #1.) Grant and the Commissioner then filed cross-motions for summary judgment. (*See* Grant's Mot. Summ. J., ECF #11; Commissioner's Mot. Summ. J., ECF #14.)

The Court referred the cross-motions to the assigned Magistrate Judge. On August 23 2018, the Magistrate Judge issued the R&R in which he carefully analyzed the arguments that parties made in their motions for summary judgment. (*See* R&R, ECF #15.) The Magistrate Judge ultimately recommended that the Court grant the Commissioner's motion and deny Grant's motion. (*See id.*) In reaching this conclusion, the Magistrate Judge rejected Grant's argument that the ALJ failed to "accord adequate weight to the opinion[s] of [her] treating physicians." (*Id.* at Pg. ID 995.)

5

On September 19, 2017, Grant timely filed the Objections in which she raises two objections to the R&R. (*See* ECF #16.) First, Grant argues that the "the Magistrate erred by finding that the ALJ properly discounted the opinions of [her] treating physicians." (*Id.* at Pg. ID 1016.) Second, Grant contends that "the Magistrate erred in finding that the ALJ's decision was supported by substantial evidence." (*Id.* at Pg. ID 1018.) The Court will address each alleged error in turn below.

## II

### A

When a party objects to a portion of a Magistrate Judge's R&R, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### B

In reviewing the disputed findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and are made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Substantial evidence is "more than a scintilla

of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "An ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (citations and quotations omitted).

### III

### A

In Grant's first objection, she seeks relief on the basis that the ALJ failed to provide "good reasons" for not giving controlling weight to the opinions offered by her treating physicians Drs. Maresh, Wimmer, and Scott. (Objections, ECF #16 at Pg. ID 1016-18.) The Court agrees that the ALJ's treatment of the treating physicians' opinions was inadequate.

Under the "treating physician rule," the opinion of an applicant's treating physician must be given "controlling weight" if "(1) the opinion 'is well-supported by medically acceptable clinical laboratory diagnostic techniques;' and (2) the opinion 'is not inconsistent with the other substantial evidence in the case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527(c)(2)). If an ALJ does not provide controlling weight to a

7

treating-physician's opinion, the ALJ is required to "provide 'good reasons' for discounting the weight given to [that] opinion." *Id.* (quoting 20 C.F.R. § 404.1527(c)(2)). "These reasons must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* (citations and quotations omitted). "This procedural requirement 'ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.'" *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Finally, "even if the treating physician's opinion is not given controlling weight, there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009) (internal punctuation omitted).

Here, with respect to the opinions of Drs. Marsheh and Wimmer, it is not at all clear what weight, if any, the ALJ provided these opinions or why the ALJ chose to assign that weight. As noted above, the ALJ addressed the opinions of Drs. Marsheh and Wimmer in a single, perfunctory sentence: "However, neither Dr. Marsheh nor Dr. Wimmer, [sic] noted any functional limitations and the issue of disability is one that is reserved to the commissioner." (Admin R., ECF #8-2 at Pg. ID 49.) This sentence perhaps suggests that the ALJ assigned the opinions no

weight, but it does not state with sufficient clarity what specific weight, if any, he gave to these opinions. That failure "alone constitutes error." *Cole*, 661 F.3d at 938 (noting that the failure to "assign a specific weight" to a treating physician's opinion "alone constitutes error as a finding that a treating source medical opinion ... is not entitled to controlling weight does not mean that the opinion should be rejected") (internal quotation marks omitted).

It may be that the ALJ concluded that he need not accord any weight to these opinions because they were conclusory and therefore did not constitute valid medical opinions under the applicable regulations.[2] *See, e.g.*, *Dunlap v. Comm'r of Soc. Sec.*, 509 F. App'x 472, 476 (6th Cir. 2012) (noting that "conclusory statements that a claimant is disabled or unable to work" may not constitute a valid medical opinion under the applicable regulations); *see also* 20 C.F.R. § 404.1527(a)(2) (defining a medical opinion as one "that reflects[s] judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions"). But if that was the ALJ's intent, he needed to clearly express it. And if the ALJ decided to accord less than controlling

---

[2] The Court makes no such determination of the validity of these medical opinions here.

weight to the opinions of Drs. Marsheh and Wimmer for a different reason, he needed to explain that reason and justify it based upon the record.

For all of these reasons, the Court **SUSTAINS** Grant's first objection to the R&R, and the Court will remand her applications for benefits to the Commissioner for further proceedings. On remand, the ALJ shall provide additional explanation and analysis with respect to his treatment of the opinions of Drs. Marsheh and Wimmer, <u>and</u> he shall also explain in greater detail the basis for his decision to provide "little weight" to the opinion of Dr. Scott. Importantly, nothing in this Opinion and Order precludes the ALJ from according less than controlling weight, or no weight at all, to the opinions of Drs. Marsheh, Wimmer, and Scott. The Court expresses no view of the merits of their opinions. The Court is simply requiring the ALJ to thoroughly and carefully explain his treatment of those opinions.

**B**

In Grant's second objection, she seeks relief on the basis that the ALJ's decision was not supported by "substantial evidence." (Objections, ECF #16 at Pg. ID 1018.) In this objection, Grant does not identify any specific portion of the R&R or any particular finding of the Magistrate Judge with which she disagrees. Instead, she takes issue with the R&R *in toto*. For example, in the Objections, instead of identifying specific medical records that she contends the Magistrate Judge overlooked, or failed to properly credit, Grant simply describes pages of medical

records without ever tying those records back to the R&R or the Magistrate Judge's analysis. (*See id.* at Pg. ID 1018-21.)

Such an objection is insufficient. "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard v. Sec. of Health and Human Svs.*, 932 F.2d 505, 509 (6th Cir. 1991). Indeed, near the end of Grant's second objection, she attempts to incorporate all of the arguments she raised in her summary judgment motion. (*See* Objections, ECF #16 at Pg. ID 1021.) This broad incorporation, if allowed, would lead to the precise type of "duplication of time and effort" that the Sixth Circuit warned against in *Howard*. Accordingly, the Court will **OVERRULE** Grant's second objection to the R&R.

IV

For the reasons stated above, **IT IS HEREBY ORDERED** that

- Grant's Objections to the R&R (ECF #16) are **SUSTAINED IN PART AND OVERRULED IN PART** as set forth above;

- Grant's Motion for Summary Judgment (ECF #11) is **GRANTED IN PART**;

11

- The Commissioner's Motion for Summary Judgment (ECF #14) is **DENIED**; and

- The action is **REMANDED** to the Commissioner for further proceedings consistent with this Opinion and Order.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: September 20, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 20, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764